IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND, the CHICAGO REGIONAL COUNCIL OF CARPENTERS APPRENTICE AND TRAINEE PROGRAM FUND, ) ) ) ) ) ) ) | |
| Plaintiffs, ) ) | Case No. 08 CV 1615 |
| vs. ) ) | Judge Leinenweber Magistrate Judge Brown |
| ESTATE INSTALLATIONS, INC., ) ) | |
| Defendant. ) | |

## ANSWER TO COMPLAINT

NOW COMES Defendant, ESTATE INSTALLATIONS, INC. ("Estate" or the "Company"), by their attorneys, KLEIN DUB & HOLLEB, LTD., and in response to Plaintiffs' Complaint, answers the Complaint in the above-captioned matter and affirmatively states as follows:

### COUNT I

1. This action under Section 502 of the Employee Retirement Income Security Act ("ERISA") and Section 301 of the Taft-Hartley Act. (29 U.S.C. §1132 and 185). Jurisdiction is founded on the existence of questions arising thereunder.

**ANSWER:**

**Estate denies that it committed any unlawful practices. Estate admits the statutes are cited correctly.**

2. The CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, the CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND and the CHICAGO REGIONAL COUNCIL OF CARPENTERS APPRENTICE AND TRAINEE PROGRAM (the "Funds), receive contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and the CHICAGO REGIONAL COUNCIL OF CARPENTERS, successor of the CHICAGO & NORTHEAST ILLINOS DISTRICT COUNCIL OF CARPENTERS, ("Union"), and therefore, are multi-employer plans (29 U.S.C. §1002). The Trust Funds are administered at 12 East Erie Street, Chicago, Illinois and venue is proper in the Northern District of Illinois.

**ANSWER:**

**Estate is without knowledge to either admit or deny the allegations contained in Paragraph 2 of the Complaint, but has no reason to disbelieve Plaintiffs.**

3. The Defendant, ESTATE INSTALLATIONS, INC. ("Estate" or the "Company"), is a corporate employer engaged in an industry affecting commerce, which entered into Agreements which required defendant to pay fringe benefits to the Trust Funds. Estate is the successor to ESTATE SIDING, INC. and by notification to the Union assumed all outstanding obligations and responsibilities of ESTATE SIDING, INC. by letter dated October 24, 2002, or earlier by operation of law.

**ANSWER:**

**Without regard to the exact date or language of the letter, Estate admits the allegations contained in Paragraph 3 of the Complaint.**

4. Pursuant to the provisions of the Collective Bargaining Agreements, the Defendant is required to make contributions to the Trust Funds for each hour worked by its carpenter employees at the rate and in the manner specified in the Collective Bargaining Agreements and Trust Agreements. In addition, the Defendant is required to make contributions to the Trust Funds measured by the hours worked by subcontractors that are not signatory to a Collective Bargaining Agreement with the Union.

**ANSWER:**

**Estate admits the allegations contained in the first sentence of Paragraph 4. Estate is without knowledge to either admit or deny the allegations contained in the second sentence.**

5. The Defendant must submit monthly reports listing the hours worked by its carpenter employees and to make concurrent payment of contributions to the Trust Funds based upon the hours worked by its carpenter employees.

ANSWER:

**Estate admits the allegations contained in Paragraph 5 of the Complaint.**

6. The Plaintiffs audited the books and records of the Defendant to verify that all contributions were submitted. The audit revealed that the Defendant breached the provisions of the Collective Bargaining Agreement by underpaying contributions that are owed to the Trust Funds based upon the hours worked by employees and/or measured by the hours worked by subcontractors during the period of October, 2002 through December, 2005. The Contributions owed to the Trust Funds as a consequence of this breach are $196,630.66.

ANSWER:

**Other than to admit Plaintiffs conducted an audit, Estate denies the allegations contained in Paragraph 6 of the Complaint.**

7. Delinquent employers are required to pay, in addition to the amounts determined to be due, reasonable attorney fees, court costs, audit fees, and other reasonable costs incurred in the collection process. Interest and liquidated damages incurred by reason of the Trust Agreements, totaled $69,937.99 as of January, 2007, and continue to increase with time.

ANSWER:

**Estate denies the allegations contained in Paragraph 7 of the Complaint.**

8. Plaintiffs have complied with all conditions precedent in bringing this suit.

ANSWER:

**Estate is without knowledge to either admit or deny the allegations contained in Paragraph 8 of the Complaint.**

9. Plaintiffs have been required to employ the undersigned attorneys to collect the monies that may be found to be due and owing from Defendant.

ANSWER:

**Estate denies the allegations contained in Paragraph 9 of the Complaint.**

3

10. Defendant is obligated to pay the attorney fees and court costs incurred by the Plaintiffs pursuant to 29 U.S.C. §1132(g) (2) (D).

**ANSWER:**

**Estate denies the allegations contained in Paragraph 10 of the Complaint.**

11. Pursuant to 29 U.S.C. §1132(g) (2) (B), the Plaintiffs are entitled to interest on any monies that may be found to be due and owing from the Defendant.

**ANSWER:**

**Estate denies the allegations contained in Paragraph 11 of the Complaint.**

12. Pursuant to 29 U.S.C. §1132(g) (2) (C), Plaintiffs are entitled to an amount equal to the greater of:

    a) double interest on the unpaid contributions; or
    b) interest plus liquidated damages provided for under the Trust Agreements not in excess of 20% of amount that is due.

**ANSWER:**

**Estate denies the allegations contained in Paragraph 12 of the Complaint.**

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief may be granted.

2. All Claims of Plaintiffs', if any they had, are barred by estoppel and laches as the audit is patently incorrect and Plaintiffs are aware of the auditor's errors.

WHEREFORE, Estate denies that the Plaintiffs are entitled to the relief requested in the Complaint, in whole or in part, or to any other relief against Estate. Estate, therefore, requests that the Complaint be dismissed.

Dated: April 16, 2008                                Respectfully submitted,

                                                     s/Michael A. Paull
                                                     MICHAEL A. PAULL (ARDC #6194021)
                                                     JOSHUA D. HOLLEB (ARDC #6185409)
                                                     KLEIN DUB & HOLLEB, LTD.
                                                     660 LaSalle Place, Suite 100
                                                     Highland Park, Illinois 60035
                                                     (847) 681-9100

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that true and correct copies of the foregoing Notice of Filing, Appearances, and Answer To Complaint was served upon Plaintiff's attorney:

>Leonard Saphire-Bernstein
>Whitfield McGann & Ketterman
>111 E. Wacker Drive
>Suite 2600
>Chicago, IL 60601

via electronic mail and Regular United States Mail deposited on this 16th day of April, 2008.

>s/Michael A. Paull
>MICHAEL A. PAULL